CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 31 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ARNOLD W. RANKIN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 5:07CV00087<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Arnold W. Rankin, was born on February 13, 1943, and eventually completed his high school education. Mr. Rankin served in the United States Air Force, and he received additional training during this period of his life. Upon retirement from the military, plaintiff worked as a truck driver and real estate salesman. While Mr. Rankin worked as a real estate salesman until October 2003, there is some reason to believe that his work in 2002 and 2003 did not constitute

It is also true that the Administrative Law Judge's opinion did not address the new medical reports. In this regard, the Law Judge commented as follows:

> Because this claim is solely for Title II benefits and because the claimant's date last insured for such benefits expired on March 31, 2003, the remainder of the medical evidence is moot to the findings and conclusions contained herein because they describe the claimant's condition subsequent to the date last insured. From the date of the claimant's injury on April 24, 2002, through the date of the corrective cervical surgery on March 26, 2003, the claimant alleged that he experienced pain sufficient to use prescribed narcotic medication. Thus, the required 12-month severity level of his impairment was not met by one month. The claimant's cervical impairment did not last for longer than 1 year because of the successful surgical result that the claimant expressed following his surgery. The claimant admitted that his cervical pain and radicular complications of the right upper extremity were resolved by the surgery at least until his date last insured for benefits.

(TR 19-20). The court agrees that the Law Judge erred in not considering the later medical reports. It is quite possible that these reports could have reflected upon plaintiff's condition prior to the termination of insured status, or immediately following the surgical procedure. It is not proper for the Law Judge to simply label such evidence as moot, without considering and commenting upon the substance of the new medical evidence. See Arnold v. Secretary of Health, Education and Welfare, 567 F.2d 258 (4th Cir. 1977)(Commissioner must consider all of the evidence of record and explain the reasoning for his findings, including the reason for rejecting evidence in support of a claim). However, in the instant case, the court is constrained to conclude that the Law Judge's error was no more than harmless. Clearly, the report from Dr. Highsmith on April 24, 2003 documents significant improvement. As noted above, there is no basis in the medical record upon which to conclude that Mr. Rankin continued to be disabled immediately following his surgery. When he was seen for his regularly scheduled follow-up in October 2003, Mr. Rankin did not complain of disabling symptoms, nor did his doctors detect any severe musculoskeletal defects. He was treated through conservative measures. Stated differently, while plaintiff's musculoskeletal problems may

6

substantial gainful activity.[1] On July 25, 2003, Mr. Rankin filed an application for a period of disability and disability insurance benefits. He alleged that he became disabled for all forms of substantial gainful employment on April 24, 2002, due to injuries to his neck which eventually required surgery. Mr. Rankin now maintains that he has remained disabled to the present time. The record reveals that Mr. Rankin met the insured status requirements of the Act through the first quarter of 2003, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, plaintiff is entitled to disability insurance benefits only if he has established that he became disabled within the meaning of the Act on or before March 31, 2003. See, gen., 42 U.S.C. § 423(a)(1)(A).

Mr. Rankin's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 26, 2006, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Rankin suffers from a cervical spine disorder, which was aggravated during an altercation with a neighbor on April 24, 2002, the alleged date of disability onset. The Law Judge found that plaintiff's cervical problems eventually required surgery, which was performed on March 26, 2003. The Law Judge found that in the first medical report following the surgery, Mr. Rankin's symptoms were said to have resolved, and he was said to have been doing well. The Law Judge found that plaintiff regained the capacity to perform his past relevant work as a real estate salesman within twelve months following the date of alleged disability onset. Accordingly, the Law Judge ultimately concluded that Mr. Rankin did not suffer from a disabling impairment of requisite duration which began on or before the date of termination of insured status. See, gen., 42 U.S.C. §

---

[1] For purposes of adjudication of plaintiff's claim for disability insurance benefits, the Administrative Law Judge assumed that plaintiff's work after his alleged disability onset date did not constitute substantial gainful activity. (TR 18-19).

2

423(d)(1)(A). Therefore, the Law Judge concluded that plaintiff was not disabled within the meaning of the Social Security Act, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Rankin has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962). For purposes of the Social Security Act and entitlement to a period of disability and disability insurance benefits, 42 U.S.C. § 423(d) defines the term disability as follows:

> [The] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ...

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mr. Rankin has suffered from back and neck problems for many years. His condition was substantially aggravated when he was struck in the head by a drunken neighbor on April 24, 2002. By September 18, 2002, he was found to be suffering from severe degenerative disc disease and large

3

posterior osteophytes at the C6-C7 level. He underwent a cervical spine procedure from the C4 through C7 levels on March 26, 2003, and he was released the following day. The Law Judge correctly noted that several weeks later, plaintiff reported much improved neck and arm symptoms. His treating physician opined that his condition had almost entirely resolved. Given the progression of the medical records in this case, the court can only conclude that there is substantial evidence to support the Commissioner's finding that plaintiff's disabling cervical spine problems did not persist for a period in excess of one year which began at a time on or before the termination of insured status on March 31, 2003.

The critical medical report in this case was authored by Dr. Jason M. Highsmith, a neurosurgical resident, following medical examination of Mr. Rankin on April 24, 2003. Dr. Highsmith summarized plaintiff's history as follows:

> The patient is one month status post C4 to 7 posterior cervical foraminotomies on the right. Original plan was to do an anterior cervical fusion but after review of the films with Dr. Broaddus he felt the patient would benefit from posterior foraminotomies.
>
> Overall the patient's symptoms are much improved. He does still have some distal finger tingling and numbness. He reports that the radicular pain from the neck down the arms is almost entirely gone. He used to have great difficulty riding in the car for extended periods and has had no pain the last several weeks. He does still complain of some cramping type pain in his neck and paraspinal muscles. Overall however he has shown much improvement.

(TR 195). Dr. Highsmith offered the following impression:

> The patient is doing well one month status post posterior foraminotomies. I explained that the healing process will likely take several months to a year to see the full benefit of. I told him he can start wearing the soft and/or hard collar for additional support in the evenings as his symptoms are pretty much nonexistent in the morning and early afternoon but by the end of the day he is more sore. He will try this and let us know if he has additional trouble. I told him he should continue to see improvements hopefully over the next several months.

(TR 195). Dr. Highsmith noted that it would not be necessary to see Mr. Rankin for six months.

4

The court believes that the Administrative Law Judge might reasonably rely on these medical observations in determining that Mr. Rankin's surgery was successful, and that plaintiff had regained the capacity to engage in light work activity as a real estate salesman within a period of twelve months following the onset of plaintiff's neck problems. In speaking with the doctor on April 24, 2003, Mr. Rankin reported that he had regained the capacity to ride in the car for extended periods and that he had had no pain in the last several weeks. While plaintiff experienced some soreness at the end of the day, he was using nonprescription medication for pain control. Plaintiff's doctors offered absolutely no reason upon which to conclude that Mr. Rankin was unable to engage in light work activity following the surgical procedure. The Law Judge's finding in this regard is bolstered by the fact that plaintiff was actually performing the functions of a real estate salesman during this period of time, although he was not successful in selling houses. In any event, stated differently, there is absolutely no medical evidence to support the assertion that Mr. Rankin remained disabled for all forms of substantial gainful activity during the period immediately following the surgical intervention.

On appeal to this court, Mr. Rankin argues that the later medical reports clearly establish that his musculoskeletal problems eventually worsened, and that he is now disabled for all forms of substantial gainful employment. Plaintiff also maintains that the Administrative Law Judge improperly refused to consider the later medical reports.

It is true that when seen about six months after the surgical procedure, Mr. Rankin complained of continuing neck pain. By this time, his doctors also diagnosed onset of depression. On the other hand, plaintiff was said to be in no acute distress, and his doctors recommended conservative measures for treatment of his complaints. (TR 330-31).

5

now have progressed to a disabling level of severity, the later medical evidence does not impeach the Law Judge's finding as to plaintiff's status during the time immediately following his successful surgical procedure. Accordingly, the court finds no cause for remand of this case for further consideration of the later medical evidence.

It must be recognized that this court is charged merely to determine whether the Commissioner's final decision is supported by substantial evidence, and not to substitute its judgment for that of the finder of fact. Hamrick v. Schweiker, 679 F.2d 1078 (4th Cir. 1982). In the instant case, the court must conclude that there is substantial evidence to support the finding that plaintiff was not disabled for a period exceeding one year which began on or before the date of termination of his insured status. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of March, 2008.

*/s/ Jack Conrad*
United States District Judge